UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Warren Picard

   v.                                      Civil No. 16-cv-140-JL

David Dionne, Superintendent,
Hillsborough County Department of
Corrections et al.[1]


**REPORT AND RECOMMENDATION**

    Before the court is former Hillsborough County Department of Corrections ("HCDC") inmate Warren Picard's complaint (doc. no. 1), and two complaint addenda (doc. nos. 7 and 8). These complaint documents are here for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1). Also before the court is Picard's motion for a preliminary injunction (doc. no. 6), which has been referred to this magistrate judge for a report and recommendation as to disposition.

---

    [1]Defendants are Hillsborough County Department of Corrections ("HCDC") Superintendent David Dionne; HCDC Medical Department Administrator/Supervisor, Nurse Denise Ryan; HCDC Dr. Turnbull, whose first name is unknown ("FNU"); HCDC Corrections Officer ("C.O.") FNU Boyle; HCDC C.O. FNU Schwartz; HCDC Sgt. FNU Vista. Additionally, although he was not named in the caption of the complaint, the court finds, based on the assertions in the complaint narrative, that Picard intended to name HCDC Capt. FNU Hiscoe as a defendant to this action.

**Standard for Preliminary Review**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. <u>Hernandez-Cuevas v. Taylor</u>, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).

**Claims to be Served**

In his complaint, Picard has asserted claims arising out of his incarceration at the HCDC from January 1, 2016, to June 1, 2016. The court finds that the following claims for relief may proceed in this matter:

> 1. Defendant HCDC Medical Department Administrator/Supervisor, Nurse Denise Ryan, violated Picard's Fourteenth Amendment right to adequate medical care during his pretrial detention, by failing to provide Picard with adequate treatment for a broken knee for twenty-four days, causing Picard to experience severe pain and a possible worsening of his injury;
>
> 2. Defendant HCDC Superintendent David Dionne violated Picard's Fourteenth Amendment right to adequate medical care during his pretrial detention, by failing to remedy the HCDC Medical Department's failure to adequately treat Picard's broken knee, for twenty-four days, causing Picard to experience severe pain and a possible worsening of his injury;

3.  Defendant HCDC Dr. Turnbull violated Picard's Eighth and Fourteenth Amendment rights to adequate mental health care by refusing to provide Picard with sufficient treatment for his mental illness during Picard's incarceration at the HCDC;

4.  Defendant HCDC Sgt. Vista violated Picard's Fourteenth Amendment right not to be subject to inhumane conditions of confinement during Picard's pretrial detention by repeatedly forcing Picard to kneel on a concrete floor, knowing that Picard's knee was broken, and that kneeling would cause Picard extreme pain.

5.  Defendant HCDC Sgt. Vista violated Picard's First Amendment right to petition the government for a redress of grievances by preventing Picard from filing grievances, threatening Picard with punishment and/or physical harm, and repeatedly forcing Picard to kneel on concrete with a broken knee, in retaliation for Picard's stated intention to file a grievance against Vista;

6.  Defendant HCDC C.O. Boyle violated Picard's First Amendment right to petition the government for a redress of grievances by filing false disciplinary charges against Picard, threatening to put Picard into "the Hole," and stating that he would make sure that Picard was found guilty of disciplinary violations that would cause Picard to lose his "good time," in retaliation for Picard's stated intention to file grievances against Boyle and other HCDC staff members;

7.  HCDC C.O. Schwartz violated Picard's First Amendment right to petition the government for a redress of grievances, by threatening to throw Picard in "the Hole," in retaliation for Picard's stated intention to file administrative grievances against Schwartz, and for Picard's complaints concerning the HCDC medical department and staff;

8.  HCDC Capt. Hiscoe violated Picard's First Amendment right to petition the government for a redress of grievances by denying Picard statutory "good time," in retaliation for lawsuits Picard has previously filed against the HCDC and HCDC staff; and

>    9.   HCDC Superintendent Dionne violated Picard's Eighth and Fourteenth Amendment rights to safe conditions of confinement by housing him in the HCDC's "Restricted Housing Unit," where all of the sprinkler heads have been capped and no fire drills are conducted.

In an Order issued simultaneously with this Report and Recommendation, the court directs service of these claims.

### Claims Asserting Verbal Threats and Harassment

Picard alleges that a number of the defendants subjected him to verbal threats and harassment during his incarceration at the HCDC.  Allegations of verbal threats and harassment are insufficient to assert any constitutional violation.  See Shabazz v. Cole, 69 F. Supp. 2d 177, 200-01 (D. Mass. 1999) (collecting cases) (without more, verbal harassment does not violate inmate's Fourteenth Amendment rights).  With the exception of the verbal harassment of Picard alleged to have occurred in retaliation for his exercise of his First Amendment rights, set forth in Claims 5-7 above, Picard has failed to state any stand-alone claim upon which relief might be granted based on verbal harassment and threats, and recommends that the district judge dismiss those claims.

### Preliminary Injunction

Picard has filed a motion for a preliminary injunction

4

(doc. no. 6). In his motion, Picard seeks a court order directing the HCDC to provide him with adequate mental health treatment, and a transfer to another jail. On June 15, 2016, Picard notified the court that he is no longer at the HCDC. Nothing in the record indicates that Picard expects to be returned to the HCDC. Accordingly, the court recommends that the district judge deny Picard's requests for injunctive relief as moot.

## Conclusion

For the foregoing reasons, the court recommends that the district judge dismiss Picard's claims asserting verbal threats and harassment, and deny his motion for preliminary injunctive relief (doc. no. 6). In an Order issued simultaneously with this Report and Recommendation, the court directs service upon defendants of the other claims asserted in the complaint.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15,

21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 5, 2016

cc: Warren Picard, pro se